**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
JEFFREY RODRIGUEZ, on behalf of himself and :
all others similarly situated, :
 :
             Plaintiff, : Civil Action No.
 :
vs. : **CLASS ACTION COMPLAINT AND**
 : **JURY TRIAL DEMAND**
MONARCH RECOVERY MANAGEMENT, :
INC., :
 :
             Defendant. :
 :
―――――――――――――――――――――X

      Plaintiff JEFFREY RODRIGUEZ, on behalf of himself and all others similarly situated, (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant MONARCH RECOVERY MANAGEMENT, INC. ("Defendant"), the following:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors

from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.  As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.  Plaintiff demands a jury trial on all issues.

## PARTIES

6.  The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.  Plaintiff is a natural person and resident of the State of New Jersey, County of Bergen and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.  Based upon information and belief, Defendant Monarch Recovery Management, Inc. ("Defendant" or "Monarch") is a debt collector with a street address

of 3260 Tillman Drive, Suite 75, Bensalem, PA 19020.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

• All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or

notice that is sent to hundreds of persons (See **Exhibit A)**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

    b.   Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    g.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;
- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to March 26, 2020, Plaintiff allegedly incurred a financial obligation to Synchrony Bank ("Synchrony") related to an Old Navy Visa credit card ("the Debt").

15. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Synchrony Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Synchrony is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to March 26, 2020, the Synchrony Debt obligation became past due with an outstanding balance of $8564.00.

19. At some point prior to March 26, 2020, the Debt was referred for collection by Synchrony to Defendant.

20. At the time the Synchrony Debt was placed with Defendant, the balance was past due.

21. On or about March 26, 2020, Defendant sent Plaintiff a collection letter ("the Collection Letter") with respect to the Debt seeking to collect $8564.00. A copy of the Collection Letter is attached as Exhibit A.

22. The March 26, 2020 collection letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

23. The Collection Letter was sent in connection with the collection of the

Synchrony obligation.

24. The March 26, 2020 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25. The Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

26. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

27. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

28. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

29. In order to obtain debt verification, the request must be in writing.

30. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if

different from the current creditor.

31. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

32. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

33. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

34. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

35. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

36. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

37. The front side of the Collection Letter included the following statement ("The Statement"):

> Unless you notify this office verbally or in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office **verbally or in**

> **writing** within 30 days from receipt of this notice that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you.  If you request of this office **verbally or in writing** within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.  You can contact Monarch using any phone number or any address listed on this letter.

(emphasis added).

38.  The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

39.  However, instead of simply mirroring both the g(a)(4) and g(a)(5) requirements that the dispute or request be "in writing" the Statement indicates that such dispute does not have to be made in writing, but can be made in writing.

40.  Yet, sections 1692g(a)(4) and g(a)(5) specifically provide that such dispute or request must be in writing and does not permit for such dispute or requests to be made verbally.

41.  The least sophisticated consumer when reading the Collection Letter would be lead to believe that such a verification request could be made verbally, when in fact the FDCPA requires that such disputes must be made in writing.

42.  Thus, were a consumer to seek verification of the debt by disputing it verbally, thinking that this was what the law required, Defendant however, would have no legal obligation to provide such verification of the debt, because the FDCPA makes no such requirement for debt verification where a dispute is made verbally.

43.  By stating that verification of the debt can be sought verbally, the least sophisticated consumer may unintentionally waive his or her right to debt verification under the FDCPA were he or she to make a verbal, rather than a written dispute.

44. In the last year, Defendant sent initial collection letters to numerous New Jersey consumers in which Defendant indicated that debt verification need not be made in writing, but could be made verbally.

45. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

46. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

47. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

48. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

49. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

50. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

51. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

52. It is Defendant's pattern and practice to send collection letters in the form

described above, and which violate the FDCPA.

53. On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

54. Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were set forth at length.

55. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

56. Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B. 15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

C. 15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

D. 15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
        March 26, 2021

                    Respectfully submitted,

                    By: s/ Lawrence C. Hersh
                        Lawrence C. Hersh, Esq.
                        17 Sylvan Street, Suite 102B
                        Rutherford, NJ  07070
                        (201) 507-6300
                        *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 26, 2021                    By: s/ Lawrence C. Hersh
                                                        Lawrence C. Hersh, Esq.

EXHIBIT A

**MONARCH**
Recovery Management, Inc.
Toll Free: 1-844-280-6009

3260 Tillman Drive, Suite 75
Bensalem, PA 19020

Change Service Requested

| Account Reference #: | ************3208 |
| Monarch Reference #: | 589 |
| Balance: $8564.00 | |

Make Check Payable to: Monarch Recovery

March 26, 2020

MONARCH RECOVERY MANAGEMENT, INC.
P.O. BOX 986
BENSALEM, PA 19020

Jeffrey Rodriguez

Pay Online ACH accepted: www.monarchrm.com and click 'Make a Payment'

1

- - - - *Detach and Return Top Portion to Expedite Processing* - - - -

### ACCOUNT INFORMATION

| Date of Letter: | March 26, 2020 | Creditor: | SYNCHRONY BANK |
| Account Reference #: | ************3208 | | |
| Monarch Reference #: | 589 | Additional Information: | Old Navy Visa® Card Synchrony Bank |
| Balance: | $8564.00 | | |

This is to advise you that your account has been transferred to our office for collection by SYNCHRONY BANK.

The account balance is $8564.00.

Unless you notify this office verbally or in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office verbally or in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office verbally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. You can contact Monarch using any phone number or any address listed on this letter.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 3260 Tillman Drive, Suite 75, Bensalem, PA 19020, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.

Yours truly,

**MATT FITHIAN DEBT COLLECTOR**
**TOLL FREE 844-280-6009**

Monarch Recovery Management, Inc. • 3260 Tillman Drive, Suite 75 • Bensalem, PA 19020
Toll Free 1-844-280-6009 or 1-215-281-7500 • Hours: M-TH 8am – 9pm EST, F 8am – 5pm EST

1 765825 MRM.WFD 00000276 Page 1 of 2